IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Jesús Dávila-Fuentes,<br><br>Defendant. | CRIM. NO.: 16-404 (GAG/SCC) |

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

### I.  PROCEDURAL BACKGROUND

On June 22, 2016, defendant Jesús Dávila-Fuentes was charged in a two-count indictment. On January 23, 2018, the defendant, assisted by the court interpreter, appeared before me and agreed to plead guilty to counts one and two of the indictment. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count one charges that the defendant, did knowingly possess a firearm, that is a Glock pistol. Model 26, 9mm caliber, that had been shipped and transported in interstate or foreign commerce, from which the manufacturer's serial number had been removed, altered and

1

United States v. Dávila-Fuentes
Crim. No. 16-404 (GAG/SCC)
Report and Recommendation

obliterated, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

Count two charges that the defendant did knowingly possess a machinegun, that is, a

Glock pistol, Model 26, 9mm caliber, bearing an obliterated serial number, with a

backside cover "chip" that allows the firearm to function automatically, in violation of

Title 18, United States Code, Sections 922(o) and 924(a)(2).

The defendant was advised of the purpose of the hearing and placed under oath, with

instructions that his answers must be truthful or he would subject himself to possible

charges of perjury or making a false statement.

## II.  CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving his right to trial by

jury.[1] He confirmed that his attorney explained and translated the form, and he was

further explained his right to have all proceedings, including the change of plea hearing,

conducted by a district judge. To this end, defendant was made to understand the

differences between the functions and jurisdiction of magistrate and district judges, and

that, if he chose to proceed before a magistrate judge, that the magistrate would hold the

---

[1]That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the record.

United States v. Dávila-Fuentes
Crim. No. 16-404 (GAG/SCC)
Report and Recommendation

hearing and prepare a report and recommendation, which would be subject to review by

and the final approval of the district judge. Having heard all of this, the defendant

consented to proceed before a magistrate judge.

### III. PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11

of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only

if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir.

2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with

an 'understanding of the nature of the charge and consequences of his plea.'" *United States*

*v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459,

467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an

understanding of the charges, and (3) knowledge of the consequences of pleading guilty.

*Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A. Competence to Enter a Guilty Plea

The defendant was questioned about his age, education, employment, history of

treatment for mental illness or addiction, use of medication, drugs, or alcohol, and his

understanding of the purpose of the hearing. It was confirmed that the defendant

3

United States v. Dávila-Fuentes
Crim. No. 16-404 (GAG/SCC)
Report and Recommendation

received a copy of the indictment and fully discussed the charges with his counsel and

was satisfied with the advice and representation he received. The court inquired whether

counsel for the defendant or the government had any doubts about the defendant's

capacity to plead; neither had any doubts about defendant's competency. Upon hearing

the defendant's responses and observing his demeanor, a finding was made that the

defendant was competent to plead and was fully aware of the hearing's purpose.

### B. Maximum Penalties

The defendant expressed his understanding of the maximum penalties prescribed by

statute for the offense to which he was pleading guilty, namely, as to count one, a term

of imprisonment of up to five years, a fine not to exceed $250,000.00, and a term of

supervised release of not more than three years. As to count two, a term of imprisonment

of up to ten years, a fine not to exceed $250,000.00, and a term of supervised release of

not more than three years. However, Defendant was also informed that a special

monetary assessment of $100 per count would also be imposed, to be deposited in the

Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court

explained the nature of supervised release and the consequences of violating its terms.

United States v. Dávila-Fuentes
Crim. No. 16-404 (GAG/SCC)
Report and Recommendation

### C. Lack of Plea Agreement

There is no plea agreement in this case. Consequently, defendant was made to understand that the presiding judge, at sentencing, may impose any sentence up to the maximum possible penalty prescribed by statute. Additionally, the defendant was explained that the court, in imposing its sentence, is not bound by the Sentencing Guidelines, which are advisory.

### D. Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and that if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him; that at trial he would have the right to hear and cross-examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further advised that if he decided not to testify

United States v. Dávila-Fuentes
Crim. No. 16-404 (GAG/SCC)
Report and Recommendation

or put on evidence at trial, his failure to do so could not be used against him, and that at

trial the jury must return a unanimous verdict before he could be found guilty.

The defendant expressed his understanding of these right, and his understanding that

by entering a plea of guilty there would be no trial and he would be waiving or giving

up the rights the court explained. The defendant's counsel attested that he explained

these rights to his client and believed that the defendant understood his explanations.

The defendant was also informed that parole has been abolished and that any sentence

of imprisonment must be served. Further, defendant was explained that a pre-sentence

report would be prepared and considered by the district judge at sentencing. Defendant

was admonished that his guilty plea, if accepted, may deprive him of valuable civil rights,

including the right to vote, to hold public office, to serve as a juror, and to possess a

firearm. The defendant expressed his understanding of these consequences.

### E. Factual Basis for the Guilty Plea

The government presented a summary of the factual basis for the offense charged in

counts one and two and the evidence the government had available to establish the

defendant's guilt beyond a reasonable doubt, should the case go to trial. The defendant

admitted to the essential elements of the offense charged in counts one and two.

United States v. Dávila-Fuentes
Crim. No. 16-404 (GAG/SCC)
Report and Recommendation

### F. Voluntariness

The defendant stated that he had not been induced to plead guilty, but, rather, that he

was entering such a plea freely and voluntarily because he is in fact guilty, and that no

one had threatened him or offered him a thing of value in exchange for his plea. He

acknowledged that no one had made any promises in exchange for his guilty plea, other

than the recommendations set forth in the Plea and Supplement to Plea Agreement.

Throughout the hearing, the defendant was able to consult with his attorney.

### IV. CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal

Rules of Criminal Procedure and entered a plea of guilty as to counts one and two of the

indictment. After cautioning and examining the defendant under Rule 11, I find that the

defendant, Jesús Dávila-Fuentes, is competent to enter this guilty plea, is aware of the

nature of the offense charged and the maximum penalties it carries, understands that the

charge is supported by evidence and a basis in fact, has admitted to the elements of the

offense, and has done so in an intelligent and voluntary manner with the full knowledge

of the consequences of his guilty plea. Therefore, I recommend that the court accept the

guilty plea and that the defendant be adjudged guilty as to counts one and two of the

United States v. Dávila-Fuentes
Crim. No. 16-404 (GAG/SCC)
Report and Recommendation

indictment.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 23rd day of January, 2018.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE